# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

v.                                                             **CRIMINAL NO. 2:18-CR-18-KS-MTP**

**HOPE EVANGULANE THOMLEY,** *et al.*

## MEMORANDUM OPINION AND ORDER

Defendants were indicted on multiple counts: conspiracy to commit wire fraud; conspiracy to defraud TRICARE; defrauding TRICARE; conspiring to dispense a controlled substance outside the scope of professional practice and not for a legitimate medical purpose; dispensing a controlled substance outside the scope of professional practice and not for a legitimate medical purpose; conspiracy to solicit and receive kickbacks/bribes in exchange for referring individuals to make TRICARE claims; conspiracy to offer and pay kickbacks/bribes in exchange for referring individuals to make TRICARE claims; soliciting, receiving, offering, and/or paying kickbacks/bribes in exchange for referring individuals to make TRICARE claims; conspiracy to obstruct a federal investigation; conspiracy to commit money laundering; and money laundering.

In this opinion, the Court addresses two of the currently pending motions: Defendant Glenn Doyle Beach, Jr.'s Motion to Sever [79] his trial from that of Defendants Hope Evangulane Thomley and Howard Randall Thomley, and the Thomleys' Joint Motion to Continue [75] the trial of this matter. For the reasons

provided below, the Court **denies** Beach's Motion to Sever [79] and **grants** the Thomleys' Joint Motion to Continue [75].

A.      *Motion to Sever [79]*

Beach presents two arguments in favor of severance. First, he argues that a joint trial with the Thomleys would violate his speedy trial rights under the Sixth Amendment and the Speedy Trial Act.[1] The Court will address this issue below, in its discussion of the Thomleys' Joint Motion to Continue [79].

Next, Beach argues that a joint trial with his alleged co-conspirators would be unfairly prejudicial. Rule 14 provides: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). To prevail on a motion to sever pursuant to Rule 14(a), a defendant "must overcome significant obstacles." *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012). "The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993)); *see also United States v. Chapman*, 851 F.3d 363, 379 (5th Cir. 2017). Therefore, "[t]he rule, rather than the exception, is that persons indicted together should be tried together, especially in conspiracy cases." *United States v.*

---

[1] 18 U.S.C. §§ 3161, *et seq.*

2

*Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993).

"Severance is proper only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *McRae*, 702 F.3d at 822-23 (quoting *United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007)). Moreover, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Chapman*, 851 F.3d at 379. "Giving limiting instructions to the jury is 'generally sufficient to prevent the threat of prejudice resulting from unsevered trials.'" *Id.* (quoting *United States v. Whitfield*, 590 F.3d 325, 356 (5th Cir. 2009)). "[I]t is 'generally presumed that juries follow the instructions given to them by the district court' and are capable of 'compartmentalizing the evidence against each defendant.'" *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) (quoting *United States v. Tarango*, 396 F.3d 666, 677 (5th Cir. 2005)).

Beach first argues that he would be prejudiced by a joint trial because of the association with the evidence and allegations against the Thomleys. In other words, he contends that he would be prejudiced by the "spillover effect" of being jointly tried with the Thomleys. But "[m]erely alleging a 'spillover effect' – whereby the jury imputes the defendant's guilt based on evidence presented against his co-defendants – 'is an insufficient predicate for a motion to sever.'" *Chapman*, 851 F.3d at 379-80 (quoting *United States v. Snarr*, 704 F.3d 368, 397 (5th Cir. 2013)). As noted above, the

3

Court assumes that jurors follow the Court's instructions, and that they are capable of compartmentalizing the allegations and evidence as to each defendant. *Ledezma-Cepeda*, 894 F.3d at 690. And even if the Government has a stronger case against the Thomleys, "[s]everance is required on the basis of disparity in the evidence only in the most *extreme* cases." *Chapman*, 851 F.3d at 380 (*quoting United States v. Owens*, 683 F.3d 93, 100 (5th Cir. 2012)).

Beach has not demonstrated to the Court's satisfaction that there exists a sufficient disparity in the allegations or evidence to merit severance from his alleged co-conspirators. The indictment focuses on the operations of Advantage Pharmacy and Total Care Marketing. All three Defendants – Beach, Hope Thomley, and Randy Thomley – owned a piece of both businesses. The Government alleges that Beach participated in formulating and producing compounded medications that would get high reimbursements from Tricare, without any consideration of the medication's efficacy. Indictment at 10, *United States v. Thomley*, No. 2:18-CR-18-KS-MTP (S.D. Miss. May 15, 2018), ECF No. 3. Beach allegedly directed employees to "run 'test' or 'dummy' claims with health care benefit programs in order to determine how much health care benefit programs would reimburse for the formulas." *Id.* In other words, the Government contends that Beach directed employees to "submit a fake claim on behalf of a real patient – using that patient's actual personal identifying information – and then reverse it once the pharmacy learned how much the target health care benefit program would pay for the specific formula." *Id.* If the targeted health care

benefit program did not reimburse at a high enough rate, Beach would "vary the ingredients and would provide the patient with a different [formula] that was covered, and bill the substitute formula instead," in an effort to maximize the funds received from Tricare. *Id.*

Beach also allegedly directed employees to "include and hand-write more ingredients than necessary in compounded medications for the purpose of increasing reimbursement rates . . . ." *Id.* at 11. He also allegedly "devised a way for Advantage Pharmacy to waive and reduce the copayments for the beneficiaries, including TRICARE beneficiaries, while making it appear to health care benefit programs . . . that the copayments were being collected," to avoid the possibility of patients refusing the phony medications when billed for a copayment. *Id.* at 13. Finally, the Government alleges that Beach signed a contract with Hope Thomley, "whereby Advantage Pharmacy agreed to pay Total Care Marketing remuneration in exchange for referring prescriptions, including for Tricare beneficiaries, to be filled at Advantage Pharmacy." *Id.* at 18.

In summary, the charges against Beach are intricately connected with the charges against the Thomleys – as one would expect in a conspiracy case. If the Court were to sever Beach, it would end up trying two virtually identical cases twice within a relatively short period of time. The Court's instructions will be sufficient to remedy whatever slight prejudice may accrue to Beach from being tried with his alleged co-conspirators. Therefore, for all these reasons – and those provided below in the Court's discussion of the Thomleys' Joint Motion to Continue [75] – the Court **denies**

5

Defendant Beach's Motion to Sever [79].

**B.     *Joint Motion to Continue [75]*[2]**

Anticipating that the trial of this matter could be lengthy, the Court convened a teleconference with the attorneys of record on July 20, 2018, to discuss scheduling. *See* Transcript of Teleconference Proceedings, *United States v. Thomley*, No. 2:18-CR-18-KS-MTP (S.D. Miss. Aug. 10, 2018), ECF No. 91. The consensus among the attorneys was that the trial would last four to five weeks. *Id.* at 5-8. Each Defendant's counsel asserted that they could not be ready for trial by the initial August 20 trial term because of the volume of documents produced and yet to be produced by the Government. *Id.* at 8-10. The Government did not oppose a continuance. *Id.* at 8-9.

First, the Court proposed that the trial start on September 4, 2018. *Id.* at 9. Each Defendant's attorney responded that would not be a sufficient continuance. *Id.* at 9-10. The Court then proposed that the trial start on November 26, 2018, and run through most of December. *Id.* at 10-11. Beach's counsel expressed a preference for an earlier date and suggested that he would be filing a motion to sever. *Id.* at 11-12. The Thomleys' attorneys indicated that November 26 would work for them. *Id.* at 11. In the end, each Defendant affirmed that they desired a continuance and expressly waived

---

[2]On August 9, 2018, the Thomleys filed a Joint Motion to Have Case Declared Complex and for Continuance of Trial Date [89]. They have not withdrawn their Joint Motion to Continue [75]. Rather, they want a lengthier continuance than the Court had already indicated it would be inclined to grant during the teleconference held on July 20, 2018, and they want the Court to declare the case "complex" within the meaning of the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). In the present opinion, the Court only addresses the Thomleys' initial Joint Motion to Continue [75].

their speedy trial rights.[3] *Id.* at 20.

On July 23, 2018, the Thomleys filed a Joint Motion to Continue [75]. The Government does not oppose the motion. However, Beach opposes the motion, citing the speedy trial rights that he expressly waived during the July 20, 2018, teleconference.

   1.   *Sixth Amendment*

First, Beach argues that the proposed continuance of trial to November 26, 2018, would violate his right to a speedy trial under the Sixth Amendment. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. To determine whether a continuance would violate a defendant's Sixth Amendment speedy trial rights, the Court considers four factors: "(1) the length of the delay; (2) the reason for the delay; (3) whether the defendant diligently asserted his right; (4) whether the defendant suffered prejudice." *United States v. Rojas*, 812 F.3d 382, 410 (5th Cir. 2016). If the first three factors "weigh heavily in the defendant's favor," the Court can presume prejudice. *Id.* If they don't, "the defendant must show actual prejudice." *Id.*

Here, the proposed delay is approximately two months. "[D]elays of less than five years are not enough, by duration alone, to presume prejudice." *Id.* Therefore, the

---

[3]To be clear: Beach's counsel specifically waived speedy trial rights during the teleconference of July 20, 2018. The Court asked, "[I]s everybody waiving speedy trial?" Hope Thomley's attorney replied, "[Y]es, sir." Randy Thomley's attorney replied, "Yes, sir." And Beach's attorney unequivocally replied: "And likewise, your honor, for Mr. Beach." In light of this exchange, Beach's assertion in briefing that he has not waived his speedy trial rights is puzzling, to say the least.

7

first factor does not weigh in Beach's favor.

One reason for the delay is the volume of documents produced by the Government. The Thomleys represented to the Court that the Government produced over ten terabytes of information, including patient records, prescriptions, business records, cell phone records, e-mails, witness interviews, and audio recordings. Joint Motion to Have Case Declared Complex and for Continuance of Trial Date at 2, *United States v. Thomley*, No. 2:18-CR-18-KS-MTP (S.D. Miss. Aug. 9, 2018), ECF No. 89; Transcript of Teleconference [91], at 9. During the July 20, 2018, teleconference, Beach's attorney cited the "volume of information" that he anticipated receiving from the Government and stated that a continuance of two weeks would not be sufficient time to prepare for trial. Transcript of Teleconference [91], at 7-8, 10.

Moreover, during the telephonic hearing before the Magistrate Judge on July 17, 2018, Beach's attorney cited the "voluminous amount of information and documents" to be produced by the Government. Transcript of Teleconference Proceedings at 8, *United States v. Thomley*, No. 2:18-CR-18-KS-MTP (S.D. Miss. Aug. 10, 2018), ECF No. 90. Beach's attorney referred to "498 bankers boxes" of documents that had been seized from the Defendants' businesses. *Id.* at 9. Also, in Beach's Emergency Motion to Compel Access to Electronically Stored Records [59], he argued that he needed immediate access to the "voluminous documents" in the Government's possession to adequately prepare for trial. Emergency Motion to Compel at 4-5, *United States v. Thomley*, No. 2:18-CR-18-KS-MTP (S.D. Miss. July 10, 2018), ECF No. 59.

Indeed, the parties estimate that the trial in this case will last four to five weeks. The Court anticipates that there will be expert witnesses. There are multiple defendants, each charged with multiple counts, and there are multiple objects charged for each conspiracy count. Accordingly, the Court anticipates that the jury instructions will be extensive and complicated. Therefore, for all of these reasons, the Court concludes that there is a substantial and compelling reason to delay the trial, to ensure that Defendants' counsel has sufficient time to analyze the documents produced by the Government and formulate an adequate defense.

Although Beach specifically waived his speedy trial rights during the teleconference of July 20, 2018, the Court will assume that he has diligently asserted them in his briefing on the motions addressed in this opinion.

Because the first three factors do not weigh heavily in Beach's favor, he must show that the proposed continuance of trial to November 26, 2018, would actually prejudice him. *Rojas*, 812 F.3d at 410. He has not done so. In fact, Beach has not articulated *any* prejudice that would arise from a continuance of the trial date,[4] and his previous arguments to the Court indicate that a continuance would benefit his defense. For these reasons, the Court holds that the proposed continuance of the trial date to November 26, 2018, would not violate Beach's right to a speedy trial under the Sixth Amendment.

2. *Speedy Trial Act*

---

[4] Rather, he argues that he would be prejudiced by a joint trial with the Thomleys.

Beach also argues that the proposed continuance would violate his rights under the Speedy Trial Act. "The Speedy Trial Act 'generally requires a criminal defendant's trial to start within 70 days of his indictment or his appearance before a judicial officer,' whichever date last occurs." *United States v. Dignam*, 716 F.3d 915, 920-21 (5th Cir. 2013) (quoting *United States v. McNealy*, 625 F.3d 858, 862 (5th Cir. 2010)). "But the Act also provides for eight types of delay that will toll the speedy trial clock." *Id.* (citing 18 U.S.C. § 3161(h)). The parties agree that, even with statutory tolling, the proposed trial date of November 26, 2018, will fall approximately two months outside the speedy trial calendar.

But "[a] continuance granted by the district court can toll the speedy trial clock – whether granted *sua sponte* or on a party's motion – if the judge grants the continuance 'on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Id.* (quoting 18 U.S.C. § 3161(h)(7)(A)). The Speedy Trial Act provides a non-exhaustive list of factors for the Court to consider, including whether the case is "so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court should also consider "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercises of due diligence." 18 U.S.C. §

3161(h)(7)(B)(iv). But the Court can not grant an ends-of-justice continuance "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 28 U.S.C. § 3161(h)(7)(C).

For all the reasons cited above in the Court's Sixth Amendment analysis, the Court holds that the ends of justice would be served by granting the requested continuance of trial to November 26, 2018. A two-month delay is not extreme. *See Dignam*, 716 F.3d at 923 (seven-month delay was not extreme). Also, Beach has not articulated *any* way that he would be prejudiced by the proposed continuance. *Id.* (defendant was not prejudiced). Indeed, a continuance would permit his counsel additional time to prepare for what is expected to be a long, document-intensive trial.

## C.     *Conclusion*

For these reasons, the Court **denies** Defendant Beach's Motion to Sever [79] and **grants** the Thomleys' Joint Motion to Continue [75]. The trial of this matter is hereby set to begin on November 26, 2018. The Magistrate Judge will enter a new trial order.

SO ORDERED AND ADJUDGED this 13th day of August, 2018.

/s/ Keith Starrett<br>
KEITH STARRETT<br>
UNITED STATES DISTRICT JUDGE