# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL CASE NO. 2:18-CR-18-KS-MTP

**HOPE EVANGULANE THOMLEY,** *et al.*

## ORDER

On November 20, 2018, Defendants Hope and Randy Thomley filed a Joint Motion for Prompt Pretrial Traceability Hearing [150], arguing that the Court should order the Government to release $4,000,000.00 of the funds seized by the Government because they need money to pay their attorneys. "[N]either due process, nor the Sixth Amendment right to counsel, requires that assets needed to pay an attorney be exempted from restraining orders or, ultimately, from forfeiture." *United States v. Melrose East Subdivision*, 357 F.3d 493, 500 (5th Cir. 2004). But "due process requires the district court to hold a prompt hearing at which the property owner can contest the" Government's restraint of their assets "when the restrained assets are needed to pay for an attorney to defend him on associated criminal charges." *Id.* at 499.

The defendant has the initial burden to "make an evidentiary showing of financial need." *United States v. Fisch*, 851 F.3d 402, 409-10 (5th Cir. 2017); *see also United States v. Farmer*, 274 F.3d 800, 804 (4th Cir. 2001); *United States v. Jones*, 160 F.3d 641, 647 (10th Cir. 1998). The Fifth Circuit has not "elaborate[d] the precise details of the circumstances and showings necessary" in this analysis," but most courts

agree that the defendant "must make a prima facie, threshold showing that he needs the assets and that the government lacked probable cause to restrain the assets." *United States v. Fisch*, 2013 WL 5774876, at *6 (S.D. Tex. Oct. 24, 2013) (citing *Melrose*, 357 F.3d at n. 5; *Farmer*, 274 F.3d at 805). If the defendant does not meet his initial burden, the Government does not have to establish traceability. *Fisch*, 851 F.3d at 409-10.

For the reasons provided in a bench ruling on December 4, 2018, the Court finds that Defendants Hope and Randy Thomley did not satisfy their initial burden of demonstrating financial need. Defendants admitted that they had approximately $1,000,000.00 in unrestrained assets, plus substantial funds remaining on retainer with their counsel. They have not made any meaningful attempt to curb spending or alter their lifestyle, and they still have the ability to earn a living. Finally, their attorneys' estimate of the cost to try this case is exorbitant and wholly unrealistic, particularly in light of the measures the Government has taken to organize and index the discovery materials. The Thomleys' Joint Motion for Prompt Pretrial Traceability Hearing [150] is **denied**.

Additionally, for the reasons provided by the Court in the hearing of December 4, 2018, Defendants' Joint Motion for a Continuance [155] is **granted in part**. The Court will reserve March 18, 2019, to address any outstanding motions, and the trial of this matter will commence on March 19, 2019. The pretrial hearing scheduled for December 13, 2018, is cancelled. The Magistrate Judge will enter a new Trial Order.

SO ORDERED AND ADJUDGED this 6th day of December, 2018.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE